# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 16-1357**  September Term, 2016

NLRB-09CA041634
NLRB-09CA040777
NLRB-04CA033620

Filed On: December 14, 2016 [1651081]

E.I. du Pont de Nemours and Company,

    Petitioner

    v.

National Labor Relations Board,

    Respondent

------------------------------

United Steel, Paper and Forestry, Rubber,
Manufacturing, Energy, Allied Industrial and
Service Workers International Union,
    Intervenor

### O R D E R

It is **ORDERED**, on the court's own motion, that the following briefing schedule will apply in this case:

| | |
|---|---|
| Petitioner's Brief | January 23, 2017 |
| Appendix | January 23, 2017 |
| Respondent's Brief | February 22, 2017 |
| Intervenor for Respondent's Brief | March 1, 2017 |
| Petitioner's Reply Brief | March 15, 2017 |

All issues and arguments must be raised by petitioner in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

The court reminds the parties that

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 16-1357**                                               **September Term, 2016**

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

    To enhance the clarity of their briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Procedures 41 (2016); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

    Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                  BY:    /s/
                               Michael C. McGrail
                               Deputy Clerk